OPINION of the Court, by
Judge Owsiey,
-On the m«tion of the legatees of Nathaniel Hart, deceased, the county court of Lincoln made an order that Nathaniel Hart, executor of Nathaniel Hart deceased, render an account of his actings and doings as executor to that court ; and by their further order, appointed commissioners to settle the account of the executor, in the execution of his office. The commissioners settled and adjusted the accounts, and reported to the court. The legatees moved the court to strike out of the account reported by the commissioners, so much as related to sheriffs’ and lawyers’ fees, and other expences growing out of lawsuits, carried on in the name of the heirs respecting lands; and so much of the account as relates to charges by the executor, for his services since the last settlement in 18Ü5, it being admitted the legatees at that period had arrived at full age. The motion was overruled, and exceptions taken to the opinion of the court.
The investigation of land titles forms no part of the official duties of an executor, unless expressly authori-sed by will. The will of Nathaniel Hart, deceased, delegates no such authority. It follows necessarily therefore, that the payment of fees and expences growing out of lawsuits, prosecuted in the name of the heirs1of the decedent, and relating to land, formed no part of the legal, responsibility and duty of the executor. He cannot be entitled to a crcdii for such claims, m the settlement of his account as executor. The charge of the executor for personal services in the management of *610 such lawsuits, are liable to the same objection. They formed no part of his official duty, and consequently has no right to compensation in the settlement of his accounts. If his services were gratuitously bestowed, without a request from the legatees, the law will not allow him compensation ; but if he has managed the suits for the heirs at their request, or upon a special undertaking, he has his remedy by action against them for indemnity. The judgment of the county court of Lincoln is therefore erroneous, so lar as the same is contrary to the principles of this opinion. 'A question was started upon the argument of this cause, as to the jurisdiction of this court over the cause. This is evidently a judicial case, cognizable in an inferior court, within this commonwealth. Unless by express statutory provision or strong implication, the jurisdiction of this court is taken away, in such cases it has jurisdiction. We know of no statute which either by express words or implication, restrains the jurisdiction of this court in cases like the present. We have no doubt ef its jurisdiction.
The judgment af the county court of Lincoln, must be reversed with costs; and the cause remanded to that court, with directions for the accounts of the executor to be settled and adjusted according to the principles of this opinion.